UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHENIE ROBERTSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE REPUBLIC OF NICARAGUA, et al.,<br><br>Defendants. | Case No. 17-cv-00852-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 18 |

Before the Court is Defendants' Motion to Dismiss. ECF No. 18. Plaintiff opposes the motion. ECF No. 20. As explained below, the Court concludes that (1) Plaintiff Robertson cannot maintain this action as a class action without a lawyer; (2) her lawsuit involves a political question that is not justiciable in this federal district court; and (3) she has not alleged the particularized injury that is necessary to confer standing. Accordingly, the Court will grant the motion with leave to amend.

## I. BACKGROUND

### A. Facts and Procedural History[1]

This case stems from an internal conflict that has taken place for the past two centuries within the borders of the present-day Republic of Nicaragua involving the Miskitu,[2] a Native American ethnic group. The Miskitu people are comprised of 12 tribes that reside "in what was formerly known as the Miskitu Kingdom" and is presently considered the North Caribbean Coast Autonomous Region ("RACCN") and the South Caribbean Coast Autonomous Region (RACCS). ECF No. 1 ¶ 1. Plaintiff Rev. Josephenie E. Robertson alleges that the Nicaraguan government

---

[1] For the purpose of this motion, the Court accepts as true the allegations in Plaintiff's Complaint, ECF No. 1. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

[2] The tribe's name is also sometimes spelled as "Miskito."

1  has committed numerous human rights abuses against the Miskitu people over the last 200 years,
2  including the unlawful seizure of Miskitu territory without just compensation. Id. ¶ 1-30.
3  Robertson also alleges that the Nicaraguan government has engaged in torture and genocide in
4  violation of international law, id. ¶ 27, and "exterminated the Miskitu people and their inherent
5  right to their natural resources, lands, waters, forests, farms, and livestock" by selling their land to
6  other foreign nations, id. ¶ 28.

On February 21, 2017, Plaintiff Robertson filed a putative class action on behalf of herself, eight other named plaintiffs, and "all Miskitu peoples," against the Republic of Nicaragua, President Daniel Ortega, Vice President Rosario Murillo, and the Sandinista Party (collectively, "Defendants"). Id. at 1, 10-11. Plaintiff Robertson alleges multiple violations of international and federal law, and brings claims for conversion, unjust enrichment, and accounting. Id. at 21-23. Plaintiff concurrently filed a motion to appoint counsel. ECF No. 2. On April 14, 2017, Defendants filed the present motion to dismiss the Complaint. ECF No. 18. On May 25, 2017, this Court denied Plaintiff's request for appointment of counsel, ECF No. 45, and issued an Order to Show Cause as to why the Court should not dismiss all claims except Plaintiff Robertson's individual claim brought on her own behalf, ECF No. 46. In response, Plaintiff explains that she has "vigorously sought representation . . . to no avail . . ." ECF No. 52 at 2. The Court first considers the validity of Plaintiff's class claims before turning to Defendants' motion to dismiss.

## II. CLASS ACTION CLAIMS

Plaintiff Robertson purports to bring this case on behalf of herself and eight other named plaintiffs. ECF No. 1 at 1, 10-11.[3] The complaint states that Plaintiffs bring "this Class Action Complaint against Defendants the Republic of Nicaragua, Daniel Ortega, and the Sandinista Party . . . on behalf of all the Miskitu peoples." ECF No. 1 at 2. Plaintiff Robertson is not represented by an attorney, however, and is not an attorney herself. Id. at 25.

"*Pro se* plaintiffs are not adequate class representatives able to fairly represent and

---

[3] On June 8, 2017, Plaintiff made a motion to add a Co-Plaintiff as Self-Represented. ECF No. 66. The Court construes this filing as a motion to amend the complaint. See Fed. R. Civ. P. 15(a)(1) and (2). That motion is denied as moot, as the Court grants Defendants' motion to dismiss with leave to amend.

2

adequately protect the interests of [a] class." Blake v. Cty. of Santa Clara, No. 16-CV-01279-HSG, 2016 WL 4073339, at *3 (N.D. Cal. Aug. 1, 2016) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008)). "[A] litigant appearing in propria persona has no authority to represent anyone other than [herself]." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).

Plaintiff may not maintain a purported class action, or bring claims on behalf of the other eight named, unrepresented plaintiffs. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir.2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). Thus, the Court dismisses all claims with respect to the putative class except Plaintiff Robertson's individual claim brought on her own behalf.

## III. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's complaint on the following grounds: (1) the Court lacks jurisdiction over Nicaragua under the Foreign Sovereign Immunities Act ("FSIA"); (2) the Alien Tort Statute ("ATS") does not provide jurisdiction and the complaint fails to state a claim for the violation of the ATS; (3) the Torture Victims Protection Act does not provide jurisdiction or a cause of action; (4) the Complaint fails to state a claim for violation of the Genocide Convention or the UN Declaration on the Rights of Indigenous Peoples; (5) Plaintiff presents nonjusticiable issues; (6) Plaintiff lacks standing; (7) Plaintiff failed to serve Nicaragua as required by the FSIA; (8) the FSIA bars Plaintiff's punitive damages prayer and jury demand; (9) improper venue; (10) Plaintiff failed to allege any basis upon which the Court may exercise personal jurisdiction over Defendants Ortega, Murillo or the Sandinista Party; (11) the Court lacks personal jurisdiction over Defendant President Ortega under Head of State Immunity; (12) Defendants President Ortega and Vice President Murillo are immune because they have been sued in their official capacity and are not the real party in interest; (13) Plaintiff's process as to the Sandinista Party is insufficient and Plaintiff failed to serve President Ortega, Vice President Murillo, and the Sandinista Party as required by Rule 4(f). ECF No. 18 at 13-33.

### A. Legal Standards for Motions to Dismiss Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[W]hen a motion to dismiss attacks 'the substance of the complaint's jurisdictional allegations,' we treat it as brought under Rule 12(b)(1) . . ." Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir. 2007) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.1989)). Additionally, if a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In resolving a facial attack, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 373 F.3d at 1039 (citations omitted).

### B. Justiciability Doctrine

Defendants move to dismiss Plaintiff's claims because the Complaint presents issues that are not justiciable in a United States federal court. ECF No. 18 at 22-24.

Under Article III of the United States Constitution, "the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'" Flast v. Cohen, 392 U.S. 83, 95, 88 S. Ct. 1942, 1949, 20 L. Ed. 2d 947 (1968). "This 'case or controversy' requirement imposes on federal courts a limitation known as 'justiciability.'" Taxpayers of U.S. v. Bush, No. C 03-03927-SI, 2004 WL 3030076, at *2 (N.D. Cal. Dec. 30, 2004) (citing Barber v. Widnall, 78 F.3d 1419,

1422 (9th Cir.1996)). Defendants argue that Plaintiff's claims rest upon nonjusticiable political questions that should be left to the political branches of government rather than the courts. ECF No. 18 at 22-23. Plaintiff does not address this argument in her opposition.

"[T]he political question doctrine is jurisdictional in nature." Corrie, 503 F.3d at 979. "Questions, in their nature political, or which are, by the constitution and laws, submitted to the executive, can never be made in this court." Marbury v. Madison, 1 Cranch 137, 5 U.S. 137, 170, 2 L.Ed. 60 (1803). The "political question" doctrine of nonjusticiability is "primarily a function of the separation of powers." Baker v. Carr, 369 U.S. 186, 210, 82 S. Ct. 691, 706, 7 L. Ed. 2d 663 (1962). "'The conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative [branches] . . . and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision.'" Saldana v. Occidental Petroleum Corp., 774 F.3d 544, 551 (9th Cir. 2014) (citing Corrie, 503 F.3d at 982). However, not every case that "touches foreign relations lies beyond judicial cognizance." Id. (quoting Baker, 369 U.S. at 211).

In Baker, the Supreme Court established six criteria to be considered in determining whether a case presents a non-justiciable political question:

> Prominent on the surface of any case held to involve a political question is found a [1] textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

Baker, 369 U.S. at 217. "Using these six tests as a guide, we undertake a discriminating case-by-case analysis to determine whether a political question is so inextricably tied to the case to divest the court of jurisdiction." Saldana, 774 F.3d at 552 (internal quotation marks and citations omitted); Alperin v. Vatican Bank, 410 F.3d 532, 544 (9th Cir. 2005) ("But these [six Baker] tests are more discrete in theory than in practice, with the analyses often collapsing into one another.").

Defendants contend that because the "Miskitu Government-In-Exile" lacks formal

recognition from the United States government, this Court cannot adjudicate any rights its purported representatives assert. ECF No. 18 at 22. "While recognition of foreign governments so strongly defies judicial treatment that without executive recognition a foreign state that has been called 'a republic of whose existence we know nothing,' and the judiciary ordinarily follows the executive as to which nation has sovereignty over a disputed territory, once sovereignty over an area is politically determined and declared, courts may examine the resulting status and decide independently whether a statute applies to that area." Baker, 369 U.S. at 212. Plaintiff does not allege that the United States government has recognized the "Miskitu Government-In-Exile" or any territorial claims they make within the Republic of Nicaragua. This case thus necessarily requires the judicial branch to question United States foreign policy with Nicaragua and to recognize the Miskitu as a sovereign people even though the United States government has not done so.

The Court now turns to the first Baker test: whether there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department." Baker, 369 U.S. at 217. "It is well established that 'the conduct of foreign relations is committed by the Constitution to the political departments of the Federal Government; [and] that the propriety of the exercise of that power is not open to judicial review.'" Corrie, 503 F.3d at 983 (citing Mingtai Fire & Marine Ins. Co. v. United Parcel Serv., 177 F.3d 1142, 1144 (9th Cir.1999)). The text of the Constitution confers authority over foreign affairs to the executive branches of the government. See U.S. Const., art. I § 8; art. II § 2; see also Zivotosky v. Kerry, 135 S. Ct. 2076, 2094, 192 L. Ed. 2d 83 (2015) ("[T]he power to recognize foreign states resides in the President alone . . ."). It is clear that the Court does not have the authority to formally recognize the Miskitu people.

The Court agrees with Defendants that the core of Plaintiff's complaint indeed is "not the redress of particular alleged wrongs inflicted upon individuals, but rather a request to adjudicate nearly 200 years of relations between the Miskitu people and various sovereign governments as well as the corresponding impacts on the territorial integrity of the present-day Republic of Nicaragua." ECF No. 18 at 23. Plaintiff does not identify, and the Court cannot discern, the legal basis on which the Court could make this determination. Deciding this case would therefore

require the Court to "engage in decision-making on the basis of policy rather than law." Taxpayers of the U.S., 2004 WL 3030076, at *3. Accordingly, the Court concludes that Plaintiff's lawsuit poses a political question over which the Court has no jurisdiction.[4]

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. If Robertson wishes to file an amended complaint to cure the deficiencies noted above, she must do so within thirty days of this Order.

IT IS SO ORDERED.

Dated: June 26, 2017

JON S. TIGAR
United States District Judge

---

[4] In light of this conclusion, the Court declines to reach Defendants' other arguments in support of dismissal.