UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHENIE ROBERTSON, Plaintiff, v. THE REPUBLIC OF NICARAGUA, et al., Defendants. | Case No. 17-cv-00852-JST **ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION "FOR JUDICIAL CLARIFICATION"** Re: ECF Nos. 32, 81, 82 |

Before the Court are Defendants' motion to dismiss the amended complaint, ECF No. 81, and Plaintiff's motion for sanctions, ECF No. 82. Plaintiff's motion "for judicial clarification," ECF No. 32, also remains pending. The Court will grant the motion to dismiss and deny the other two motions.

**I.  BACKGROUND**

This case stems from an internal conflict that has taken place for centuries within the borders of the present-day Republic of Nicaragua involving the Miskitu, a Native American ethnic group. The Court dismissed the original complaint, with leave to amend, after "conclud[ing] that Plaintiff's lawsuit poses a political question over which the Court has no jurisdiction." ECF No. 72 at 7 (footnote omitted). The Court granted Plaintiff's request to extend the deadline to file an amended complaint, ECF No. 75, and Plaintiff timely filed an amended complaint before the extended deadline, ECF No. 78.

In the amended complaint, Plaintiff Rev. Josephenie E. Robertson alleges that she is "the Matriarch of the Miskitu Nation, Miskitu Peoples (Twelve Tribes) and a traditional royal representative of the Miskitu Government-in-Exile, which is the sole recognized legal entity representing the overwhelming majority of the Miskitu peoples in Nicaragua and worldwide."

ECF No. 78 ¶ 40. She incorporates paragraphs 1-30 of the original complaint and adds several paragraphs detailing the history of the Miskitu people. Id. ¶¶ 1-39. The amended complaint continues to allege that Defendants Republic of Nicaragua, Daniel Ortega, Rosario Murillo, and the Sandinista Party "engaged in the taking and expropriation of Miskitu territories, lands, natural resources, waters, livestock, and other property without compensation in violation of international law." Id. ¶ 41. The amended complaint also adds as a defendant Infinity Energy Resources, Inc., alleged to be located in Kansas, to have "engaged in the acquisition, exploration, development, and production of natural gas and oil in the United States, in the Autonomous Miskitu Territory and Nicaragua," and to have "willfully and maliciously civilly conspired with the other defendants to appropriate Miskitu natural resources (oil and gas) without affording the Miskitu representatives [an opportunity] to participate in the negotiating process, or receive compensation or profit sharing." Id. ¶ 45. Infinity has not yet been served and has not made an appearance in this lawsuit.

The Court previously dismissed "all claims with respect to the putative class except Plaintiff Robertson's individual claim brought on her own behalf" because an unrepresented plaintiff may not bring class claims. ECF No. 72 at 2-3. The amended complaint nonetheless includes class allegations, ECF No. 78 ¶¶ 77-80, and the caption names Robertson and "all other Miskitu Indigenous peoples" as Plaintiffs. The amended complaint also asserts an intent to join Ercell Hendy Twaska Fleurima as a second plaintiff proceeding on her own behalf. Id. at 1 n.1.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

When the Court dismissed the original complaint, it explained that the case "necessarily requires the judicial branch to question United States foreign policy with Nicaragua and to recognize the Miskitu as a sovereign people even though the United States government has not done so." ECF No. 72 at 6. The Court further explained that it "does not have the authority to formally recognize the Miskitu people," and it "agree[d] with Defendants that the core of Plaintiff's complaint indeed is 'not the redress of particular alleged wrongs inflicted upon individuals, but rather a request to adjudicate nearly 200 years of relations between the Miskitu

people and various sovereign governments as well as the corresponding impacts on the territorial integrity of the present-day Republic of Nicaragua.'" Id. (quoting ECF No. 18 at 23). The Court concluded that it lacked jurisdiction to determine this political question, which would "require the Court to 'engage in decision-making on the basis of policy rather than law.'" Id. at 6-7 (quoting Taxpayers of the U.S. v. Bush, No. C03-03927 SI, 2004 WL 3030076, at *3 (N.D. Cal. Dec. 30, 2004)).

Robertson's amended complaint does not cure this deficiency. Aside from three additional paragraphs and the inclusion of Defendant Infinity Energy Resources, Inc., Robertson repeats her causes of action verbatim from the original complaint. Compare ECF No. 78 ¶¶ 81-102 (amended complaint) with ECF No. 1 ¶¶ 73-91 (original complaint). The three new paragraphs only highlight the political nature of Robertson's complaint. For example, Robertson adds that "she faced threats of dire consequences for herself and child who was held captive for not cooperating in attempting to exercise her rights as the lawful traditional authority as her people's custodian and . . . [was] compelled to leave her nation and people." ECF No. 78 ¶ 91. She also complains that Infinity "unlawfully appropriated" land by failing to include "the Miskitu traditional authorities" in the negotiations. Id. ¶ 96. And she alleges that:

> Defendants at this very moment of litigation, in an attempt to avoid liability to the plaintiff and deceive the world, to assure complicity with the Sandinista government, in that they have presently installed a new "king of the Miskitu nation" who is literally a "pretender["] to the Miskitu "throne" on June 18th, 2017 namely, (The King of the oompa loompas – Hector Williams Padilla).

Id. ¶ 97. Rather than cure the deficiency identified in the Court's prior order, the new allegations magnify that deficiency by underscoring that Robertson seeks to resolve political questions of sovereignty.

As with her opposition to the first motion to dismiss, Robertson's opposition to the pending motion is silent on whether her complaint involves any non-political questions. Her opposition instead focuses on pro se litigants' due process rights, ECF No. 84 at 3-6, but the Court does not find any deficiencies in the process Robertson has received. The Court has given Robertson the opportunity to fully brief responses to both motions to dismiss, ECF Nos. 20, 84;

3

heard oral argument on Defendants' motion to dismiss the original complaint, ECF No. 70; and granted Robertson's request for an extension to file an amended complaint, ECF No. 75. In addition, the Court has considered and ruled on multiple other filings by Robertson. ECF Nos. 45, 47, 69, 80. And the Court has construed both Robertson's original complaint and her amended complaint liberally when considering Defendants' motions to dismiss. In short, Robertson has received a full and fair opportunity to be heard.

The amended complaint does refer to two cases for support, but neither persuades the Court that it has jurisdiction over this case. First, Robertson cites a pending district court case, Vekuii Rukoro v. Federal Republic of Germany, Case No. 1:17-cv-00062 (S.D.N.Y. 2017), as an example of a plaintiff not "hav[ing] to prove the Namibian tribal leaders were recognized by the United States or most of the class action plaintiffs resided in the United States when successfully filing the complaint in the U.S. District Court and successfully litigating that case." ECF No. 78 ¶ 31. However, as Defendants correctly observe, the docket for that case indicates that plaintiffs have not yet served the complaint. See ECF Docket, Rukoro, Case No. 1:17-cv-00062 (S.D.N.Y.). The mere filing of a complaint does not demonstrate the ability to state a claim, and the Rukoro court has not considered the question before this Court – namely, whether the case raises nonjusticiable political questions. Rukoro is therefore not persuasive.

Second, Robertson cites Kiobel v. Royal Dutch Petroleum Co., 569 U.S. 108 (2013).[1] That case concerned the ability to state a claim under the Alien Tort Statute – a secondary question to whether the complaint presents a nonjusticiable political question. But even if the Court were to reach the issue addressed in Kiobel, the case would support Defendants rather than Robertson. The Supreme Court held that a "case seeking relief for violations of the law of nations occurring outside the United States is barred" under the Alien Tort Statute, and that "even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." Id. at 124-25. Robertson's amended

---

[1] Robertson does not include the case citation, but it is clear from the information she included that she is referring to the cited case. See ECF No. 78 at 10 n.28 & 16 n.23 (referring to the dates on which the case was argued, reargued, and decided).

4

complaint focuses on alleged acts that occurred in Nicaragua, except for an allegation that Defendant Infinity Energy Resources, Inc. "engaged in the acquisition, exploration, development and production of natural gas and oil in the United States," as well as in Nicaragua. ECF No. 78 ¶ 45. This conclusory allegation is insufficient "to displace the presumption against extraterritorial application" of the Alien Tort Statute, Kiobel, 569 U.S. at 125, particularly when the amended complaint elsewhere makes clear that Robertson's claims are based on Infinity's alleged "unlawful[] appropriat[ion]" of an area offshore of Nicaragua, ECF No. 78 ¶ 96, and are not tied to any activity alleged to have occurred in the United States.

Finally, Robertson's attempt to add Fleurima as a second plaintiff does not save her complaint. The amended complaint contains no specific allegations as to Fleurima. More significantly, the gravamen of the case would remain a nonjusticiable political question regardless of the number of individual plaintiffs bringing suit. See, e.g., ECF No. 78 ¶ 33 (asserting that "the outcome of this precedent setting case could very well change the map of Central America"); id. ¶ 84 (alleging Defendants' "refusal to recognize the right to self-determination of the Miskitu peoples"); id. ¶ 104(d) (requesting the Court to "[e]njoin and restrain defendants from continuing to exclude plaintiffs and other traditional and lawful representatives of the Miskitu peoples from participation in discussions and negotiations regarding the subject matter of this Complaint").

Even when construing the complaint liberally, the Court concludes that the amended complaint continues to assert political questions over which this Court lacks jurisdiction. Robertson has already had one opportunity to amend the complaint, and it is clear to the Court that she could not cure this deficiency if given further leave to amend. Accordingly, the amended complaint is dismissed without leave to amend. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

**B.     Robertson's Motion for Sanctions**

Robertson has filed a motion for sanctions based on allegations that an attorney from the Indian Law Center, Mr. Armstrong A. Wiggins, has engaged in improper ex parte communications with this Court. ECF No. 82. This Court has had no communications with Mr. Wiggins.

Defendants' counsel also state that they have neither had contact with Mr. Wiggins nor "directed anyone to have contact with him about this matter." ECF No. 85 at 2. The motion for sanctions is denied.

### C. Robertson's Motion "for Judicial Clarification"

Robertson previously filed a motion "for judicial clarification" in which she asked for appointment of counsel and for leave for certain plaintiffs to proceed under Doe pseudonyms. ECF No. 32. The Court previously denied appointment of counsel, ECF No. 45, and does not find good cause to reconsider that ruling. The motion for leave to proceed pseudonymously is denied as moot following the dismissal of this action.

## CONCLUSION

Robertson's motions for sanctions and "for judicial clarification" are denied. Defendants' motion to dismiss is granted without leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 6, 2017

_____
JON S. TIGAR
United States District Judge